HERBALIFE INTERNATIONAL AMERICA INC., a Nevada Corporation, Plaintiff—Appellee,

v.

**Robert E. FORD; et al., Defendants— Appellants.**

No. 08–55020.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 2008.

Filed July 22, 2008.

---

Charles E. Patterson, Esq., Morrison & Foerster, Los Angeles, CA, for Plaintiff–Appellee.

John B. Stephens, Esq., Stephens Friedland LLP, Newport Beach, CA, Cameron M. Jolly, Esq., Mixon Jolly LLP, Costa Mesa, CA, for Defendants–Appellants.

Before: SILVERMAN, RAWLINSON, and M. SMITH, Circuit Judges.

## MEMORANDUM *

Defendants appeal the preliminary injunction entered in this case asserting that it is overbroad. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) and review for an abuse of discretion. *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1096 (9th Cir.2008); *Freecycle Network, Inc., v. Oey*, 505 F.3d 898, 901–02 (9th Cir.2007). We affirm the preliminary injunction in part and reverse it in part.

Defendants do not challenge paragraphs one or two of the preliminary injunction, which prohibit defendants from using Herbalife-generated reports to solicit Herbalife customers or distributors. Paragraphs one and two of the preliminary injunction are affirmed. Although defendants challenged paragraph four, that paragraph is now moot as the one-year period to which it applied has expired for all defendants. *See LGS Architects, Inc., v. Concordia Homes of Nev.*, 434 F.3d 1150, 1153 (9th Cir.2006).

Defendants challenge the last clause of paragraph three, which prohibits them from "Using or disclosing for business related purposes . . . contacts or business information acquired during [defendants'] work with Herbalife." Defendants assert that this clause improperly precludes them using customer information that they developed themselves. We agree. Preliminary injunctions "must be narrowly tailored . . . to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir.2004) (citation omitted). Paragraph three of the preliminary injunction is overbroad and should be narrowed to exempt from its coverage only customer contact or business information that the defendants developed of their own accord.

The preliminary injunction is AFFIRMED IN PART, REVERSED IN PART, and REMANDED to the district

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court for modification consistent with this memorandum. Each party shall bear its own costs on appeal.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.